STATE BOARD OF DENTAL EXAMINERS *v.* TALLEY.

(*Nashville*, December Term, 1946.)

Opinion filed June 26, 1947.

D. R. WADE, JR., of Pulaski, and B. B. GULLETT, of Nashville, for Board.

THURMAN THOMPSON, of Lewisburg, for Talley.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is an appeal by defendant Ben Talley from conviction of contempt of an injunction issued by the Chancery Court of Marshall County, by which injunction defendant was forbidden to practice dentistry in violation of Chapter 126 of the Public Acts of 1935, 6969.1 through 6969.31, Williams' Annotated Code. To reach the question presented by the appeal a short history of the litigation is necessary. On June 12, 1941, the State Board of Dental Examiners filed a bill against the defendant Talley, charging that he was illegally engaged in the practice of dentistry in violation of Chapter 126 of the Public Acts of 1935, as amended, in that he was practicing dentistry without having first procured the license prescribed by that Act. After a hearing in the Chancery Court defendant was perpetually enjoined from practicing dentistry in the State of Tennessee. On July 27, 1943, petition for contempt was filed against defendant Ben Talley for the violation of the terms of the aforesaid injunction. After a hearing on this petition defendant was adjudged to be in contempt of Court and punished by fine of $50. From this decree defendant appealed to the Court of Appeals and the Court affirmed the decree, and thereafter *certiorari* was denied by this Court.

On February 9, 1945, the State Board filed a second petition for contempt against this defendant, alleging that he was continuing to practice dentistry in violation

of the injunction aforesaid. After a hearing on this petition, a consent decree was entered, the pertinent parts of which are as follows:

"It is agreed between the Complainant and the defendant, and their counsel, with the consent of the Court, that the petition filed in this cause February 9, 1945, may be deemed and treated as separate petitions as if eleven petitions had been filed against the defendant Ben Talley, and that he is guilty of violating the injunction, on eleven separate or different occasions and is punishable for each of said eleven violations as though separate petitions had been filed, for each violation committed.

"It is therefore agreed, and the Court is of the opinion, that for the violation of said injunction of (on) each occasion the defendant Ben Talley is in wilful contempt of this court and for each violation he is fined $50.00 or a total sum of $550.00, and for each violation it is ordered, adjudged and decreed by the Court that he serve ten days in jail or a total of 110 days. It appearing to the Court that he is in bad health and that his presence in jail would be a menace to the health of other inmates of that institution, and probably endanger his life and upon his application and with the consent of the petitioner it is ordered that the respective jail sentences imposed, be and they are hereby suspended with the right expressly reserved by the Court to impose said jail sentences in case of further violation of the injunction heretofore granted, and that said jail sentences are not to run concurrently but consecutively, upon a showing to the Court that he has after this date violated said injunction heretofore issued.

"For good cause shown the Court requires that the defendant Ben Talley pay the fine assessed against him

for violating said injunction in making artificial teeth for one Clarence Brimer. The Court for the present does not require the said defendant, Talley, to pay the said other fines assessed against him.

"The Court reserves the right to direct other payment at any time in the future, upon it being made to appear to the Court that he has again violated any of the injunctions orders heretofore entered."

On February 3, 1947, a hearing was had on a third petition for contempt and defendant was adjudged to be again in contempt and punished therefor by a fine of $50 and sentence to the county jail for 10 days. The Chancellor further revoked the suspension of the sentence contained in the March 9th decree, and thereby imposed ten fines in the sum of $50 each and eleven sentences of ten days each in jail.

It is from the revocation of the suspension that the defendant has perfected this appeal, and though he makes several assignments of error, the only question presented is whether the imposition of fines in excess of $50, and jail sentences in excess of ten days violates Art. 6, sec. 14 of the Constitution and sec. 10120 of the Code.

We find no merit, whatever, in the insistence of defendant that the foregoing Code section and the provision of the Constitution were violated. The decree of March 1945 was in all respects a consent decree. As such it was signed not only by the defendant's counsel, but by the defendant in person. The decree expressly provided as follows: "It is agreed between the complainant and the defendant, and their counsel, with the consent of the Court, but the petition filed in this cause February 9, 1945, may be deemed and treated as separate petitions as if eleven petitions had been filed."

■ We think no question of a waiver of defendant's constitutional rights is here involved, but that defendant is clearly estopped to question or repudiate the agreement made in the decree. Gibson's Suits in Chy., 1937 Ed., secs. 67a, 577, 1205.

■ It is admitted that defendant was guilty of successive contempts, each of which subjected defendant to liability for fine of $50 and imprisonment of 10 days (Code, sec. 10120). Since, therefore, he agreed that the maximum penalty for each of the offenses be incorporated in a single decree, and since the Chancellor clearly had jurisdiction to impose the punishment on successive petitions, there was no conferring of jurisdiction by consent, nor was there an imposition of fine and punishment in excess of the constitutional and statutory maximum.

All assignments of error are overruled and the decree is affirmed.

All concur.